UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEIDI S PETERSON,<br><br>                Plaintiff,<br>    v.<br><br>JAY INSLEE,<br><br>                Defendants. | Case No. C20-5761 BHS<br><br>ORDER TO SHOW CAUSE OR FILE AMENDED COMPLAINT |

This matter is before the Court on plaintiff's application for *in forma pauperis* status in this matter (Dkt. 1) and filing of a proposed complaint (Dkt. 1-1) and proposed application for court-appointed counsel (Dkt. 1-2). Plaintiff is proceeding in this matter *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not grant IFP or direct service of the complaint at this time. On or before **September 2, 2020**, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

## DISCUSSION

The Court must dismiss the complaint of a person who requests to proceed *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

ORDER TO SHOW CAUSE OR FILE AMENDED COMPLAINT - 2

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff sues Governor Jay Inslee and the State of Washington under Section 1983, but the alleged violations of her rights are disjointed and difficult to comprehend. Plaintiff alleges that the state has committed "genocide against [her] family based on [f]raud," as well as against unspecified individuals in Yemen. Dkt. 1-1, at 5-6. Plaintiff connects air-bombing in Yemen to her personal claims without explanation beyond the assertion that she represents Yemeni people. *Id.* at 6, 8. Plaintiff alleges that Washington State social workers, including one Mary Bateman, lied about plaintiff's family as part of a scheme to terminate plaintiff's parental rights to her child. *Id.* at 7.

Plaintiff's further allegations do not specify actions by individual defendants; rather, "they" stole and abused her child, injured her child's hand, misled plaintiff so as to "bankrupt" her, and insulted her mental well-being. *Id.* at 8. Plaintiff appears to allege these events took place adjacent to custody proceedings in Florida. *Id.* at 7. Plaintiff seeks the return of her child, injunctive relief on "courts" (against slander and transfers of child custody), and financial compensation. *Id.* at 9.

The proposed complaint fails to state a claim on which relief can be granted. First, conclusory allegations of genocide do not clearly invoke conduct violating a federal right under the scope of 42 U.S.C. § 1983 or within the jurisdiction of this court.

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 3

Second, the State of Washington has sovereign immunity from federal suit under 42 U.S.C. § 1983; only "persons," not states and state agencies, may be sued as defendants under the statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff identifies no conduct attributable to the only other named defendant, Governor Inslee. Allegations that unspecified officials in the state harmed her cannot sustain an action against the Governor. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976).

Furthermore, plaintiff appears to seek relief from legal error in Florida state court proceedings, which this court is prohibited from reviewing under the *Rooker-Feldman* doctrine. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). To the extent that plaintiff seeks the return of her child to her custody, this court lacks jurisdiction over all matters relating to the status of parent and child, under the domestic relations exception to federal jurisdiction. *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

## CONCLUSION

Due to these deficiencies, plaintiff's motion for IFP is denied and the complaint shall not be served. Plaintiff's motion for court-appointed counsel is denied as premature. If plaintiff wishes to pursue the lawsuit, plaintiff must show cause why the Court should not dismiss the plaintiff's cause of action, or plaintiff may file an amended complaint to cure the deficiencies noted above, on or before **September 2, 2020**. An amended complaint will be screened to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails

to adequately address the issues raised herein, the undersigned will recommend dismissal of this action for failure to state a claim under 28 U.S.C. § 1915.

An amended complaint must consist of short, plain statements telling the Court: (1) the constitutional right she believes was violated; (2) the name of the individual person (defendant) who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that individual person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" (or "Jane Doe") defendants. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

Dated this 3rd day of August, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge